


ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2010 MAY -6  AM 10: 57

DEPUTY CLERK ____DP____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | No. 3:09-CR-100-B |
| § | |
| THOMAS JAMES FREDERICK SMITH (1) § | |
| also known as Zook, TJ, and kingsmith007 § | |

## PLEA AGREEMENT

Defendant Thomas James Frederick Smith, the defendant's attorney Kevin Ross, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Smith understands that he has the rights

    a.  to plead not guilty;

    b.  to have a trial by jury;

    c.  to have his guilt proven beyond a reasonable doubt;

    d.  to confront and cross-examine witnesses and to call witnesses in his defense; and

    e.  against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Smith agrees to waive these rights and plead guilty to the offense alleged in Count One of Indictment, charging Conspiracy to Intentionally Cause Damage to a Protected Computer and to Commit Computer Fraud a violation of (18 U.S.C. §371) (18 U.S.C. §§1030(a)(5)(A)(i), 1030(a)(5)(B)(i)). Smith

understands the nature and elements of the crime(s) to which he is pleading guilty. He agrees that the factual resume he has signed is true and understands that it will be submitted as evidence.

3. **Sentence**: The maximum penalties the Court can impose include:

   a. imprisonment for a period not to exceed 5 years;

   b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

   c. a mandatory term of supervised release of not less than 2 years nor more than 3 years, which must follow any term of imprisonment. If Smith violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

   d. a mandatory special assessment of $100;

   e. restitution to victims or to the community, which may be mandatory under the law, and which Smith agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

   f. costs of incarceration and supervision; and

   g. forfeiture of property.

4. **Sentencing agreement:** Pursuant to Rule 11(c)(1)(B), the government recommends that a sentence in Zone C of the United States Sentencing Guidelines will result in an appropriate disposition of the case. If the Court accepts this plea agreement, the parties' recommendation is not binding on the Court. The Court remains free to determine the appropriate sentence, under the advisory United States Sentencing Guidelines. Pursuant to Rule 11(c)(3)(B), the Court must advise Smith that he has no

right to withdraw his plea if the Court does not follow the parties' recommendation or request.

5. **Mandatory special assessment**: Smith agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's agreement**: Smith shall give truthful and complete information and/or testimony concerning his participation in the offense of conviction. Upon demand, Smith shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.

8. **Government's agreement**: The government will not bring any additional charges against Smith based upon the conduct underlying and related to defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Smith or any property.

9. **Violation of agreement:** Smith understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Smith for all offenses of which it has knowledge. In such event, Smith waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Smith also waives objection to the use against him of any information or statements he has provided to the government, including any resulting leads.

10. **Voluntary plea:** This plea of guilty is freely and voluntarily made and is not the result of force or threats or of promises apart from those set forth in this plea agreement.

11. **Waiver of right to appeal or otherwise challenge sentence:** Smith waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Smith, however, reserves the rights to bring (a) a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12. **Representation of counsel**: Smith has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Smith has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Smith has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

JAMES T. JACKS
UNITED STATES ATTORNEY

APPROVED:

_____  4/2/2010
CANDINA S. HEATH          Date
Assistant United States Attorney
Texas State Bar No. 09347450
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel: 214.659.8600
Fax: 214.767.2846
candina.heath@usdoj.gov

_____  4/5/10
LINDA C. GROVES           Date
Deputy Criminal Chief

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____           2010/04/28
THOMAS JAMES FREDERICK SMITH          Date
Defendant

I am Thomas James Frederick Smith's counsel. I have carefully reviewed every part of this Plea Agreement with my client. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____           4/30/2010
KEVIN ROSS                           Date
Attorney for Defendant Smith